UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
BOBBY LOPEZ,                                      Case No. 20 CV 93

               Plaintiff,

                                                 **COMPLAINT**

   -against-

                                         JURY DEMAND

THE CITY OF NEW YORK, P.O. DANIEL
ROGERS [SHIELD #2532], JOHN DOE
and JANE DOE #1-10 (the names John and
Jane Doe being fictitious, as the true names
are presently unknown),
                   Defendants.
-----------------------------------------------------------------------X

Plaintiff, BOBBY LOPEZ, by his attorney, The Law Offices of UGO UZOH, P.C., complaining of the defendants herein, The City of New York, P.O. Daniel Rogers [Shield #2532], John Doe and Jane Doe #1-10 (collectively, "Defendants"), respectfully alleges as follows:

<u>NATURE OF THE ACTION</u>

1.       This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and/or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the Fourth, Fifth, Eight, and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983, and arising under the law and statutes of the City and State of New York.

<u>JURISDICTION</u>

2.       The jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1343, 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and under the Fourth, Fifth, Eight, and Fourteenth Amendments to the United States Constitution.

3.       As the deprivation of rights complained of herein occurred within the Southern District of New York, venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) and (c).

## THE PARTIES

4.      Plaintiff is and was at all times material herein a resident of the United States and the State of New York.

5.      Defendant City of New York ("City") is a municipal corporation duly organized and existing under the laws of the State of New York.

6.      The City of New York Police Department ("NYPD") is an agency of defendant City, and all officers referred to herein were at all times relevant to this complaint employees and agents of defendant City.

7.      Defendant P.O. Daniel Rogers [Shield #2532] was at all times material herein a police officer employed by the NYPD. He is named here in his official and individual capacities.

8.      Defendants John Doe and Jane Doe #1-10 were at all times material herein individuals and/or officers employed by the NYPD. They are named here in their official and individual capacities.

9.      Defendants Rogers and John Doe and Jane Doe #1-10 are collectively referred to herein as "defendant officers".

10.     At all times material to this Complaint, the defendant officers acted toward plaintiff under color of the statutes, ordinances, customs, and usage of the State and City of New York.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

11.     On October 29, 2019, at approximately 5:20 a.m., defendant officers, acting in concert, forced their way into the plaintiff's home which is located at 419 West 17th Street, Apt. 9C, New York, New York, and assaulted and arrested plaintiff without cause.

12.     Initially, defendant officers broke down the plaintiff's door waking him up from sleep in the process.

13.     Plaintiff was alarmed by the conduct of defendant officers.

14.     Plaintiff had sustained serious injuries -- including, but not limited to, a fractured skull and a collapsed lung -- in August 2016 from an encounter with police officers assigned to NYPD.

15.     Upon entry, defendant officers immediately rushed towards plaintiff with their guns directly pointed at him yelling, grabbing, pushing, shoving, and pulling him in the process.

16.     Defendant officers ultimately struck the plaintiff on his forehead with their heavyweight ballistic shield(s) and forcibly pushed him down pinning and holding down his head with the shield.

17.     Eventually, plaintiff was tightly handcuffed with his hands placed behind his back causing the plaintiff to sustain cuts and bruises on his wrists and arms.

18.     After handcuffing the plaintiff, defendant officers forcibly pulled him off from his bed and threw him down to the floor.

19.     Plaintiff enquired as to the reason for the arrest.

20.     Defendant officers ignored the plaintiff's inquiries.

21.     Plaintiff complained that the handcuffs were too tight and were causing him to experience pain and numbness.

22.     Plaintiff pleaded with defendant officers to remove or loosen the handcuffs.

23.     Defendant officers ignored the plaintiff's entreaties to remove or loosen the handcuffs.

24.     Defendant officers subjected the plaintiff to an illegal search.

25.     Defendant officers also proceeded to perform an illegal search of the plaintiff's home damaging several properties in the process.

26.     Defendant officers' illegal search of the plaintiff and the plaintiff's home did not yield any contraband.

27.     Plaintiff was caused to sustain serious injuries on various parts of his body.

28.     Despite the plaintiff's injuries, defendant officers did not call for emergency services, and delayed the plaintiff's medical care and treatment.

29.     Eventually, after an extended period of time, defendant officers released the plaintiff from his unlawful detention.

30.     Plaintiff was eventually transported by Emergency Medical Services to the hospital where was seen and/or treated for his injuries.

31.     Upon information and belief, the incident (or at least a portion of the incident) was captured by cameras that are located on the premises.

32.     That each and every officer and/or individual who responded to, had any involvement and/or was present at the location of the incident knew and was fully aware of the assault/arrest and had a realistic opportunity to intervene to prevent the serious harm detailed above from occurring.

33.     Nonetheless, defendants did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to protect and ensure the safety of the plaintiff.

34.     As a result of the aforesaid actions by defendants, plaintiff suffered and continues to suffer emotional distress, fear, embarrassment, humiliation, shock, discomfort, loss of liberty, loss of rights to familial association, wages and financial losses, pain and damage, and damage to reputation.

FIRST CAUSE OF ACTION: EXCESSIVE USE OF FORCE - against defendant officers

35.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 34 of this complaint as though fully set forth herein.

36.     The conduct of defendant officers, as described herein, amounted to excessive use of force.

37.     Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

38.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SECOND CAUSE OF ACTION: FALSE ARREST - against defendant officers

39.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 38 of this complaint as though fully set forth herein.

40.     The conduct of defendant officers, as described herein, amounted to false arrest.

41.     Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

42.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

THIRD CAUSE OF ACTION: FAILURE TO INTERVENE - against defendant officers

43.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 42 of this complaint as though fully set forth herein.

44.     That each and every officer and/or individual who responded to, had any involvement and/or was present at the location of the arrest, assault and/or incident described herein knew and was fully aware that the plaintiff did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

45.     Nonetheless, defendant officers did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to intervene.

46.     Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

47.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FOURTH CAUSE OF ACTION: DELIBERATE INDIFFERENCE - against defendant officers

48.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 47 of this complaint as though fully set forth herein.

49.     Defendant officers denied plaintiff treatment needed to remedy his serious medical conditions and did so because of their deliberate indifference to plaintiff's need for medical treatment and care.

50.     Such conduct described herein violated plaintiff's due process rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

51.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FIFTH CAUSE OF ACTION: UNREASONABLE SEARCH & SEIZURE - against defendant officers

52.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 51 of this complaint as though fully set forth herein.

53.     Defendant officers subjected the plaintiff and the plaintiff's home to unreasonable search & seizure.

54.     Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

55.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SIXTH CAUSE OF ACTION: FAILURE TO TRAIN/SUPERVISE/DISCIPLINE AND MUNICIPAL POLICY - against defendant City

56.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 55 of this complaint as though fully set forth herein.

57.     Defendant City, acting through NYPD, had actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise or discipline its police officers concerning correct practices in conducting investigations, the use of force, interviewing of witnesses and informants, assessment of the credibility of witnesses and informants, reasonable search of individuals and/or their properties, the seizure, voucher and/or release of seized properties, obligation not to promote or condone perjury and/or assist

in the prosecution of innocent persons and obligation to effect an arrest only when probable cause exists for such arrest.

58.    Defendant City, acting through aforesaid NYPD, had actual and/or de facto policies, practices, customs and/or usages of assaulting, wrongfully arresting, illegally stopping, frisking, searching, seizing, abusing, humiliating, degrading and/or maliciously prosecuting individuals who are members of racial/ethnic minority groups such as plaintiff, who is of Hispanic descent, on the pretext that they were involved in robbery, narcotics, drugs, guns and/or other illicit activities.

59.    Further, the existence of the aforesaid unconstitutional policies, practices, customs and/or usages may be inferred from repeated occurrences of similar wrongful conduct.

60.    Recently, NYPD officers forcibly tackled and assaulted a former professional tennis player named James Blake simply because he is a member of a racial/ethnic minority group.

61.    NYPD officers also recently assaulted a professional basketball player named Thabo Sefolosha simply because he is a member of a racial/ethnic minority group.

62.    In *Bobby Lopez v. City of New York* (Index No. 151467/2017), which is currently pending in the Supreme Court of the State of New York, County of New York, NYPD officers forcibly grabbed, assaulted and arrested the plaintiff while he held the door open for them simply because he is a member of a racial/ethnic minority group.

63.    Defendant City failed to reprimand or otherwise discipline the officers involved in the above incidents.

64.    Defendant City routinely ignores NYPD officers' use of force, no matter how excessive or unwarranted.

65.    Instead of taking action to curb the excesses of NYPD officers, defendant City routinely settles lawsuits brought in this district and in other courts against several NYPD officers alleging excessive use of force and similar charges as those described herein. *See*, *e.g.*, *Timothy Hampton v. City of New*

*York* (18 CV 7755) (alleging false arrest and deliberate indifference); *Cameron Hanson v. City of New York* (17 CV 6326) (alleging false arrest and excessive use of force); *Janette Morales v. City of New York* (17 CV 5787) (alleging false arrest and excessive use of force); *Tony Holley v. City of New York* (17 CV 278 (EDNY)) (alleging false arrest and excessive use of force); *Russell Hernandez v. City of New York* (16 CV 537) (alleging false arrest and excessive use of force); *Evelyn Gomez v. City of New York* (15 CV 7293) (alleging false arrest and excessive use of force); *Clovis Seltzer v. City of New York* (15 CV 1456) (alleging false arrest and excessive use of force); *Latoya Orr v. City of New York* (14 CV 10010) (alleging false arrest and excessive use of force); *Khadijah Watkins v. City of New York* (14 CV 8108) (alleging false arrest and excessive use of force); *Ashley Painson v. City of New York* (14 CV 2788 (EDNY)) (alleging false arrest and excessive use of force); *Steven Roberts v. City of New York* (13 CV 6036 (EDNY)) (alleging false arrest and excessive use of force); *Zakariyya Amin v. City of New York* (12 CV 2412 (EDNY)) (alleging false arrest and excessive use of force).

66.     Defendant City maintained the above described policies, practices, customs or usages knowing fully well that the policies, practices, customs or usages lead to improper conduct by its police officers and employees. In failing to take any corrective actions, defendant City acted with deliberate indifference, and its failure was a direct and proximate cause of plaintiff's injuries as described herein.

67.     The actions of defendants, acting under color of State law, deprived plaintiff of his due process rights, and rights, remedies, privileges, and immunities under the laws and Constitution of the United States, treatise, ordinances, customary international law and norms, custom and usage of a right; in particular, the right to be secure in their person and property, to be free from abuse of process, the excessive use of force and the right to due process.

68.     By these actions, defendants have deprived the plaintiff of rights secured by treatise, ordinances, customary international law and norms, custom and

usage of a right, and the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983.

SEVENTH CAUSE OF ACTION: NEW YORK STATE CONSTITUTION, ARTICLE I, §§ 5, 6, 8, 11 & 12 - against defendants

69.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 68 of this complaint as though fully set forth herein.

70.     By reason of the foregoing, and by arresting, detaining and imprisoning plaintiff without probable cause or reasonable suspicion, and harassing and assaulting him and depriving him of due process and equal protection of laws, defendants deprived plaintiff of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article I, § 5 (prohibiting cruel and unusual punishments), Article 1, § 6 (providing for due process), Article 1, § 8 (guaranteeing freedom of speech), Article 1, § 11 (prohibiting discrimination in civil rights and providing for equal protection of laws) & Article I, § 12 (prohibiting unreasonable searches & seizures) of the New York Constitution.

71.     In addition, the individual officers conspired among themselves and conspired with other individuals to deprive plaintiff of his constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

72.     The individual officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as officers, agents, or employees. The individual officers' acts were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers. The individual officers acted willfully, knowingly, and with the specific intent to deprive plaintiff of his constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution.

73.     Defendants, their officers, agents, servants, and employees were responsible for the deprivation of plaintiff's state constitutional rights.

EIGHTH CAUSE OF ACTION: TORTS (ASSAULT AND BATTERY) - against defendants

74.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 73 of this complaint as though fully set forth herein.

75.     By reason of and as a consequence of the conduct of defendant officers, plaintiff sustained injuries with the accompanying pain.

76.     The conduct of the defendants, as described herein, amounted to assault and battery.

77.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

NINTH CAUSE OF ACTION: TORTS (FALSE ARREST/IMPRISONMENT) - against defendants

78.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 77 of this complaint as though fully set forth herein.

79.     The conduct of the defendants, as described herein, amounted to false arrest/imprisonment.

80.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

TENTH CAUSE OF ACTION: TORTS (TRESPASS) - against defendants

81.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 80 of this complaint as though fully set forth herein.

82.     Defendants unlawfully entered into plaintiff's premises.

83.     Defendants performed an unlawful search of the premises, and subjected plaintiff to an unreasonable search and seizure.

84.     The conduct of defendants, as described herein, amounted to trespass.

85.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

ELEVENTH CAUSE OF ACTION: TORTS (NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS) - against defendants

86.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 85 of this complaint as though fully set forth herein.

87.     The defendants engaged in extreme and outrageous conduct, intentionally and recklessly causing severe emotional distress to plaintiff.

88.     Plaintiff's emotional distress has damaged his personal and professional life because of the severe mental pain and anguish which were inflicted through deliberate and malicious actions including the arrest, assault, detention and imprisonment by defendants.

89.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

TWELFTH CAUSE OF ACTION: NEGLIGENT HIRING AND RETENTION OF EMPLOYMENT SERVICES - against defendant City

90.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 89 of this complaint as though fully set forth herein.

91.     Upon information and belief, defendant City, through its various agencies and departments including the defendants in this action, owed a duty of care to plaintiff to prevent the physical and mental abuse sustained by plaintiff.

92.     Upon information and belief, defendant City, through its various agencies and departments including the defendants in this action, owed a duty of care to plaintiff because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that an injury to plaintiff or to those in a like situation would probably result from such conduct described herein.

93.     Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that defendant officers were not prudent and were potentially dangerous.

94.     Upon information and belief, defendant City's negligence in hiring and retaining defendant officers proximately caused plaintiff's injuries.

WHEREFORE, plaintiff respectfully prays judgment as follows:

a.      For compensatory damages against all defendants in an amount to be proven at trial;

b.      For exemplary and punitive damages against all defendants in an amount to be proven at trial;

c.      For costs of suit herein, including plaintiff's reasonable attorney's fees; and;

d.      For such other and further relief as the court deems proper.

<u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury.

Dated: Brooklyn, New York
       January 6, 2020

UGO UZOH, P.C.


By:     Ugochukwu Uzoh
        Attorney for the Plaintiff
        56 Willoughby Street, Third Floor
        Brooklyn, N.Y. 11201
        Tel. No: (718) 874-6045
        Fax No: (718) 576-2685
        Email: u.ugochukwu@yahoo.com