

**THE CITY OF NEW YORK**

JAMES E. JOHNSON
*Corporation Counsel*

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NEW YORK 10007

BRIDGETTE NUNEZ-FIGUEROA
*Assistant Corporation Counsel*
E-mail:bnunez@law.nyc.gov
Phone: (212) 356-1643
Fax: (212) 356-3509

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/12/2020

MEMO ENDORSED

July 31, 2020   8/12/2020

**BY ECF**
Honorable Colleen McMahon
United States District Chief Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

*No Stay - The Court will allow one last 60 day extension of deft's time to answer.*

/s/ Colleen McMahon

Re:   Bobby Lopez v. City of New York, et al.,
      20 Civ. 93 (CM) (SN)

Your Honor:

      I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department and the attorney assigned to the above-referenced matter on behalf of defendant City of New York (the "City"). The undersigned writes to respectfully request a stay of the present civil proceeding in its entirety pending the resolution of a current Civilian Complaint Review Board ("CCRB") investigation, which relates to the claims in this case. Plaintiff's counsel, Ugo Uzoh, Esq., provided that he "is opposed to unreasonable stays particularly where, as here, the reason for a requested stay is [an] open-ended internal investigations being conducted by City employees."

      By way of brief background, pursuant to Local Civil Rule 83.10, formerly known as the Section 1983 Plan, defendant City's time to answer or otherwise respond to the Complaint was set to April 13, 2020. On April 6, 2020, defendant City requested an extension of time to answer or otherwise respond to the Complaint to June 12, 2020 along with a concomitant extension of the deadlines set forth in Local Civil Rule 83.10 due to the public health crisis, which the Court subsequently granted. On June 11, 2020, defendant City sought and received a second extension of time to answer or otherwise respond to the Complaint by August 11, 2020, which was due in part because the undersigned had not yet been in receipt of records relating to the underlying criminal case. The undersigned has now learned that there is a pending CCRB investigation into the incident alleged in the Complaint, and a stay is requested pending resolution of that investigation.

There are several reasons defendant City believes a stay is the most efficient manner to proceed in this action. As Your Honor is aware, this case is designated as part of the Southern District of New York's Plan for Certain Section 1983 Cases against the City of New York under Local Rule 83.10 ("the Plan"). As an initial matter, in light of this matter being designated under the Plan, any discovery related to any CCRB investigation, NYPD investigation, or disciplinary proceeding stemming from the underlying incident shall be suspended until thirty (30) days after the investigation or proceeding has been terminated (whether by completion of the investigation without charges or by disposition of such charges). See Local Civil Rule 83.10(5)(a)(ii).

Further, this office will be unable to resolve representational issues until the aforementioned CCRB investigation is complete; according to a review of the Civil Docket Sheet, the named defendant, Police Officer Daniel Rogers has been served. See General Municipal Law § 50-k; Mercurio v. The City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985); Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law). Here, the findings of the CCRB, and ultimately the NYPD, will influence such representational decisions. Moreover, our Office's ability to meet with or interview Officer Rogers is restricted during the pendency of the NYPD review of the CCRB investigation because of the potential that a conflict of interest may arise between Officer Rogers and the City. At the very least, the limitation on this Office's contact with Officer Rogers involved in the alleged incident significantly hampers the undersigned's efforts to gather facts and assess the case to respond intelligently to the complaint.

Lastly, due to the current crisis in New York City and the extreme difficulties it causes related to document procurement, obtaining all related documents from CCRB once the investigation is completed may be more expeditious than attempting to gather them from the NYPD and other entities, given the resource limitations being suffered by these entities.

Accordingly, it is respectfully requested that the Court grant a stay of the instant litigation until the conclusion of the CCRB investigation. Should the Court be inclined to grant the within request, the undersigned will, at the request of the Court, file status letters regarding the progress of the CCRB investigation.

Thank you for your consideration of this matter.

Respectfully submitted,

/s/
Bridgette Nunez-Figueroa
Assistant Corporation Counsel
Special Federal Litigation Division

cc: Ugo Uzoh, Esq. (By ECF)
*Attorney for Plaintiff*